IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 3:19-cr-136–HEH |
| | ) |
| MARKEITH D. WOODY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**
(Granting 28 U.S.C. § 2255 Motion)

Markeith D. Woody, a federal inmate proceeding with counsel, filed this successive 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 44) arguing that his firearm conviction is invalid under *Johnson v. United States*, 576 U.S. 591 (2015). The Government initially filed a Response (ECF No. 49) arguing that Woody is not entitled to relief. In Woody's Reply (ECF No. 51), he raised new arguments not made in his § 2255 Motion; accordingly, the Court granted the Government permission to file a Sur-Reply (ECF No. 52-1). The matter was stayed pending a decision in *United States v. Williams*, No. 20-7131 (4th Cir. filed Aug. 30, 2020), a case before the United States Court of Appeals for the Fourth Circuit. (ECF No. 57.)

On March 27, 2023, the Fourth Circuit decided *Williams*. *See United States v. Williams*, 64 F.4th 149 (4th Cir. 2023). The Government has filed a Motion for Leave to File a Supplemental Response Out of Time. (ECF No. 58.) The Motion for Leave to File a Supplemental Response Out of Time (ECF No. 58) will be granted to the extent

that the Supplemental Response (ECF No. 59) is deemed timely filed. For the reasons stated below, the § 2255 Motion will be granted.

## I. PROCEDURAL HISTORY

On September 18, 2019, a grand jury charged Woody with possession of a firearm by a convicted felon: to wit, a Smith & Wesson, Model M&P Shield, 9mm semi-automatic pistol, serial number HYU6685, and accompanying ammunition, in violation of 28 U.S.C. § 922(g)(1) (Count One); and, one count of possession with intent to distribute cocaine and fentanyl, Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C)) (Count Two). (ECF No. 1 at 1–2.) On December 11, 2019, Woody pled guilty to Count One. (ECF No. 16 at 1.) The Plea Agreement provided as follows:

> The defendant agrees to plead guilty to Count One of the pending indictment. Count One charges the defendant with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1). The penalties for this offense are: a maximum term of imprisonment of ten years; a fine of $250,000; a special assessment fee of $100; and three years of supervised release. However, should the defendant be deemed an Armed Career Criminal pursuant to 18 U.S.C. § 924(e)(1) and U.S.S.G. § 4B1.4, the penalties for this offense are: a mandatory term of imprisonment of not less than fifteen years and a maximum of life imprisonment . . . .

(*Id.*) The Government agreed to move to dismiss Count Two at the time of sentencing. (*Id.* at 8.)

Prior to sentencing, a Presentence Investigation Report ("PSR") was prepared. Woody's Base Offense Level was 24 because he committed the offense subsequent to sustaining at least two prior felony convictions of a crime of violence. (ECF No. 30 ¶ 16.) Because Woody possessed the firearm and ammunition in connection with another

2

felony offense, he received a four-point enhancement. (*Id.* ¶ 17.) With a three-level decrease for acceptance of responsibility, Woody's Total Offense Level was 25. (*Id.* ¶¶ 23–25.) Woody also had an extensive criminal history. Relevant here, Woody was convicted of: 1) malicious wounding and use of a firearm in the commission of a felony in 1992, in the Henrico Circuit Court, and received a total sentence of fifteen years of imprisonment for malicious wounding and two years for the firearm offense; 2) robbery in 1996, in the Richmond Circuit Court, and received a total sentence of twenty years; 3) robbery in 2013, in the Richmond Circuit Court, and received a total sentence of twenty years; 4) use of a firearm in the commission of felony, in 2014, in the Richmond Circuit Court, and received a sentence of three years. (*Id.* ¶¶ 29, 33, 36, 37.) Woody's total criminal history score was 14, resulting in a criminal history category of VI. (*Id.* ¶ 40.)

Woody's sentencing range was 110 months up to the statutory maximum of 120 months. (*Id.* ¶ 94.) The Government objected to the PSR because the probation officer failed to find Woody to be subject to an enhanced sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because Woody had three or more prior violent felonies. (ECF No. 23.) In response, Woody argued that two of his predicate offenses were Virginia common-law robbery, which could be committed by simply threatening to accuse the victim of sodomy, and therefore, failed to satisfy the force clause of the ACCA. (ECF No. 28 at 1–3.) Woody noted that the matter was pending before the Fourth Circuit.[1] (*Id.* at 2–3.) The Court continued sentencing for six months

---

[1] *See United States v. White*, 987 F.3d 340, 340 (4th Cir. 2021). Over a year later, it decided *United States v. White*, 24 F.4th 378, 382 (4th Cir. 2022), concluding that Virginia common-law

to await the Fourth Circuit's decision in *White*. (ECF No. 29.) When *White* was not decided within that time frame, the Court decided to move forward with Woody's sentencing. Prior to the sentencing hearing, the Court sustained the Government's objection, and concluded that Woody's two Virginia common-law robbery convictions qualified as predicate offenses under the ACCA. Accordingly, the Court "revise[d] Woody's sentencing guidelines calculation" and "[Woody's] Total Offense Level [was] 31 and his Criminal History Category remain[ed] VI, resulting [in] a guideline range of 188–235 months." (ECF No. 36 at 4.) On October 22, 2020, the Court sentenced Woody to 180 months of imprisonment for Count One, the enhanced sentence required by the ACCA, and dismissed Count Two. (ECF No. 40 at 2.)

On November 4, 2021, Woody filed the present § 2255 Motion. Woody argues that his enhanced sentence must be vacated in light of *Johnson v. United States*, 576 U.S. 591 (2015). The Government concedes that Woody is entitled to relief.

## II. ANALYSIS

### A. Applicable Law

In *Johnson v. United States*, the Supreme Court described the impact of the Armed Career Criminal Act ("ACCA") on federal gun laws and noted that:

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the [ACCA] increases his prison term to a minimum of 15 years and

---

robbery is not a violent felony for the purposes of § 924(e). *See also United States v. Williams*, 64 F.4th 149, 150 (4th Cir. 2023).

4

a maximum of life. § 924(e)(1).

576 U.S. at 593 (citations omitted).

The ACCA defines a violent felony as: "any crime punishable by imprisonment for a term exceeding one year" that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." *Johnson*, 576 U.S. at 594. In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process." *Id.* at 606. The *Johnson* Court concluded that the way the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 596–97 (citation omitted). Subsequently, in *Welch v. United States*, 588 U.S. 120, 135 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.*

Nevertheless, *Johnson* and its progeny, left untouched whether a crime of violence satisfies § 924(e)(2)(B)(i) or the "force clause."[2] Thus, to be considered a violent felony

---

[2] This section is also referred to as the "elements clause."

5

under the force clause of the ACCA, a predicate offense must have "as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* In March of this year, the Fourth Circuit concluded that Virginia common-law robbery, Va. Code. Ann. § 18.2-58, fails to qualify as a crime of violence under the force clause of the ACCA. *Williams*, 64 F.4th at 156 (holding that petitioner's "robbery convictions did not categorically require 'as an element, the use, attempted use, or threatened use of physical force against the person of another,' 18 U.S.C. § 924(e)(2)(B)(i), and therefore do not constitute ACCA violent felonies"). As discussed below, in light of *Williams*, Woody no longer has three predicate offenses that qualify as violent felonies under the ACCA.

### B. Woody's Enhanced Sentence Must be Vacated

Here, the Court sustained the Government's objection to the PSR and concluded that Woody qualified as an armed career criminal under the ACCA and was subjected to a mandatory minimum sentence of not less than fifteen years (180 months) of imprisonment. The Court determined that Woody had at least three qualifying predicate offenses: (1) a 1992 malicious wounding and use of a firearm in the commission of that offense; (2) a 1996 conviction for Virginia robbery; (3) a 2013 conviction for robbery and use of a firearm in that offense. (*See* ECF No. 36 at 2, 4.)

In the wake of *Williams*, the Government concedes that robbery under Virginia Code § 18.2-58, can no longer serve as a valid predicate crime of violence for the purposes of the ACCA. Thus, Woody lacks the requisite three predicate violent felonies for an enhanced sentence under the ACCA.

### C. The Matter Will Be Set for a Resentencing

The Government "concedes that a resentencing is appropriate here." (ECF No. 59 at 2.) Woody has not objected to a resentencing. Accordingly, the Court will vacate the Judgment entered on October 22, 2020. The matter will be set for a resentencing on Count One.

### III. CONCLUSION

The § 2255 Motion (ECF No. 59) will be granted. Woody's 180-month sentence will be vacated. The Judgment will be vacated, and the matter will be set for a resentencing as to Count One. The Bureau of Prisons shall retain custody of Woody until his resentencing.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: July 26, 2023
Richmond, Virginia

7